**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| WILLIE MANSON, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| vs. | : | CASE NO. 5:12-CV-0142-CAR-MSH |
| | : | 28 U.S.C. § 2254 |
| Warden JOHN JEANS, | : | |
| | : | |
| Respondent | : | |
| _____ | | |

## REPORT AND RECOMMENDATION

Presently pending before the Court is Respondent's Motion to Dismiss Plaintiff's petition for habeas relief as untimely. (ECF No. 8.) For the reasons described below, Respondent's motion should be granted and Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed as untimely. Because this action should be dismissed, Petitioner's pending Motion to Appoint Counsel (ECF No. 6) should be denied as moot.

## BACKGROUND

On August 15, 2005, in the Superior Court of Houston County, Petitioner Willie Manson pled guilty to aggravated battery and sentenced to twenty years in prison. (Pet. for Writ of Habeas Corpus 1, ECF No 1.) On August 17, 2005, Petitioner filed a motion to withdraw his guilty plea, which was denied that same day. (Resp't's Ex. 4 at 143, ECF No. 10-6.) Petitioner thereafter filed another motion to withdraw his guilty plea on December 30, 2005. (*Id.*) The Superior Court of Houston County construed this motion

as a motion for reconsideration of his initial motion to withdraw and denied reconsideration on January 30, 2006.  (*Id.*)  Petitioner then filed a motion for an out-of-time appeal which was denied by the Superior Court of Houston County on August 7, 2007.  (Resp't's Ex. 4 at 145.)   On June 16, 2008, Petitioner filed a second motion for out-of-time appeal, which was denied on July 22, 2008.  (*Id*. at 146-47.)

Petitioner filed a state application for habeas relief in the Superior Court of Calhoun County on February 25, 2009.  (Resp't's Ex. 1 at 1, ECF No. 10-1.)   This application for habeas relief was denied on August 30, 2010.  (Resp't's Ex. 2 at 1, ECF No. 10-2.)  Petitioner's application for probable cause to appeal with the Georgia Supreme Court was denied on May 16, 2011.  (Resp't's Ex. 3, ECF No. 10-3.)   On April 16, 2012, Petitioner filed this federal application for habeas relief.  (Pet. for Writ of Habeas Corpus 15.)

## DISCUSSION

### I.   The AEDPA limitations period

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions.  "The purpose of the AEDPA is not obscure.  It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the . . . overloading of our federal criminal justice system, produced by various aspects of this Court's habeas corpus jurisdiction."  *Hohn v. United States,* 524 U.S. 236, 264-65 (1998).  The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

>   (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
>
>   . . .
>
>   (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).   Under the statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."   28 U.S.C. § 2244(d)(1)(A).   Thus, in order to determine whether a petition was timely filed, the Court "must determine (1) when the [collateral] motion was filed and (2) when [the] judgment of conviction became final."   *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) (internal quotation marks and citation omitted) (alterations in original).

## II.   Petitioner's Application is outside the AEDPA one-year limitations period.

Here, the limitations period has expired and Petitioner's petition is untimely. Petitioner was found guilty and sentenced on August 15, 2005.   (Pet. for Writ of Habeas Corpus 1.)   Petitioner's motion for a new trial was considered and denied on August 17, 2005.   (Resp't's Ex. 4 at 143, ECF No. 10-6.)   Petitioner thereafter had thirty days within which to file an appeal.   O.C.G.A. § 5-6-38.   Petitioner did not file an appeal.   Instead, Petitioner waited until December 30, 2005, to file a motion for reconsideration of his denial for a motion for new trial.   Thus, Petitioner's judgment became final thirty days from

3

August 17, 2005—September 16, 2005.  *See* 28 U.S.C. § 2244(d)(1)(A) (explaining that in the context of determining the AEDPA limitations period, the judgment is final on the date of "the conclusion of direct review or the expiration of the time for seeking such review").

Petitioner had one-year from September 16, 2005, within which to file his federal application for habeas relief unless the limitations period was tolled.  Petitioner's December 30, 2005, motion for reconsideration did not toll the time for Petitioner to file his appeal in the state court since that time had already expired and does not change the date when Petitioner's judgment became final for purposes of calculating the AEDPA limitations period.  *See, e.g., Ferguson v. Freeman*, 282 Ga. 180, 181, 646 S.E.2d 65, 66 (2007) (recognizing that "motions for reconsideration in the trial courts have no statutory basis and do not extend the time for filing a notice of appeal").  Petitioner's AEDPA limitations period therefore expired on Monday, September 18, 2006.

Petitioner's subsequent filing of two motions for out-of-time appeal, which were denied, does not toll the limitations period in this case.  *See, e.g., Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (finding that if a motion for out-of-time appeal is granted, a judgment becomes final at the end of the consideration of the out-of-time appeal).  Likewise, Petitioner's state habeas action, which was filed on February 25, 2009, over two years after the AEDPA limitations period expired, does not toll the statute of limitations for the federal habeas petition.  *See Webster v. Moore*, 199 F.3d 1256, 1299 (11th Cir. 2000) (explaining that "[a] state court petition . . . that is filed following the expiration of the limitations

4

period cannot toll [the AEDPA] period because there is no period remaining to be tolled"). Petitioner's federal application for habeas relief, filed April 16, 2012, over six years after the expiration of the limitations period fails to invoke the jurisdiction of this Court. Petitioner's application for habeas relief is therefore untimely and Respondent's motion to dismiss should be granted.

## III. Certificate of Appealability

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's application for habeas relief, this standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Petitioner cannot meet this standard and, therefore, a certificate of appealability in this case should be denied.

## CONCLUSION

For the reasons described above, Respondent's Motion to Dismiss (ECF No. 8) should be GRANTED and Petitioner's action should be dismissed as untimely.

5

Petitioner's Motion to Appoint Counsel (ECF No. 6) should be denied as moot. Since Petitioner cannot meet the requisite standard, a certificate of appealability should be denied. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 16th day of October, 2012.

S/Stephen Hyles<br>
UNITED STATES MAGISTRATE JUDGE