IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WILLIE MANSON, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | No. 5:12-CV-142 (CAR) |
| WARDEN JOHN JEANS, | : | |
| | : | |
| Respondent. | : | |
| _____ | : | |

## ORDER ON THE REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the October 16, 2012 Report and Recommendation of the United States Magistrate Judge [Doc. 13] to dismiss Petitioner Willie Manson's 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus [Doc. 1] as untimely under § 2254(d), thereby granting Respondent's Motion to Dismiss [Doc. 8]. Consequently, the Magistrate Judge also recommends that Petitioner's Motion to Appoint Counsel [Doc. 6] be denied as moot. In a manner ironically consistent with his habeas petition's ultimate demise, Petitioner filed an untimely Objection to the Recommendation on November 26, 2012, well beyond the fourteen-day period provided for the parties to object. To the extent Plaintiff requests that this Court consider his Objection out of time, Plaintiff's Motion for Leave to File an Out of Time Objection is **GRANTED**. Nevertheless, after considering the merits of Plaintiff's objections, the Court finds

them to be without merit and agrees with the findings and conclusions of the United States Magistrate Judge.

In his Objection, Petitioner simply restates the arguments in support of statutory tolling that he advanced in his original petition, of which have been fully addressed by the Magistrate Judge in his Recommendation.  As thoroughly explained by the Magistrate Judge, Petitioner's motion for reconsideration, out of time appeals, and state habeas petition do not toll the limitations period for the federal habeas petition.  Thus, Petitioner's federal habeas application, filed April 16, 2012, 2039 days after the expiration of the limitations period, fails to invoke the jurisdiction of this Court.

Petitioner also argues that he is subject to equitable tolling.  "In order to be entitled to the benefit of equitable tolling, a petitioner must act with diligence, and the untimeliness of the filing must be the result of circumstances beyond his control."[1] Here, Petitioner has offered no evidence to indicate that he acted with any sort of diligence or that his untimeliness was a result of circumstances beyond his control.  To the extent that Petitioner means to argue that he is entitled to equitable tolling because he is an unskilled layperson with a limited educational background who is unfamiliar with the law, this argument does not excuse Petitioner from the applicable time

---

[1] *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286-87 (11th Cir. 2002).

limitations. Mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling of the AEDPA's limitation period.[2]

Based on the foregoing, Petitioner's Motion for Leave to File an Out of Time Objection [Doc. 14] is **GRANTED**, although the Court finds the merits of his Objection to be without merit. The Magistrate Judge's Report and Recommendation [Doc. 13] is therefore **ADOPTED** and **MADE THE ORDER OF THE COURT**, Respondent's Motion to Dismiss [Doc. 8] is **GRANTED**, and Petitioner's application for a Writ of Habeas Corpus [Doc. 1] is **DISMISSED** as untimely. Additionally, because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is **DENIED**.

**SO ORDERED,** this 3rd day of December, 2012.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LMH

---

[2] *See Felder v. Johnson*, 204 F.3d 168, 172-73 & n.10 (5th Cir. 2000) (citing cases), *cert. denied*, 531 U.S. 1035 (2005) (holding that ignorance of law and *pro se* status are insufficient to toll the statute of limitations).